NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1324-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHELANGELO TROISI,

      Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**March 9, 2022**

**APPELLATE DIVISION**

Submitted December 14, 2021 – Decided March 9, 2022

Before Judges Currier, DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2019-22.

Michelangelo Troisi, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (John M. Carbonara, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

      Defendant, Michelangelo Troisi, appeals the Law Division order denying his de novo appeal of a guilty finding against him in Princeton Municipal

Court for violating N.J.S.A. 39:4-97.3, use of hands-free and hand-held wireless communication devices while driving. We reject his arguments because the Law Division's interpretation of what constitutes impermissible conduct under N.J.S.A. 39:4-97.3 was correct and there is sufficient credible evidence in the record to sustain its determination that defendant's actions here were prohibited by the statute. Accordingly, we affirm.

I.

On November 20, 2019, Officer Strobel of the Princeton Police Department was monitoring traffic on State Road when he observed defendant driving while holding his cell phone and moving his fingers "in a texting like manner." As a result, Officer Strobel pulled defendant over and conducted a motor vehicle stop. Defendant told the officer that he was activating his phone to use the hands-free navigation function, specifically to pull up Google Maps and search for directions to his ultimate destination. Officer Strobel issued defendant a citation for violating N.J.S.A. 39:4-97.3.

Defendant challenged the citation in Princeton Municipal Court. At trial, Officer Strobel testified that defendant appeared to be texting while driving. Officer Strobel also testified that defendant admitted he used his phone for GPS purposes and that he took his eyes off the road to do so.

A-1324-20

At the close of trial, the judge reviewed the record and made findings. The judge found Officer Strobel's testimony credible and concluded that defendant's conduct violated N.J.S.A. 39:4-97.3. The court imposed a $206 fine and court costs of $33, which defendant paid.

Defendant appealed to the Law Division. At the motion hearing, defendant made two arguments: 1) the municipal court erred in its analysis of the statute; and 2) the State failed to prove all elements of the offense beyond a reasonable doubt.

The Law Division, on de novo review, found defendant's actions in his car were "well in excess of . . . what is permitted by the statute." Specifically, the court concluded that:

> based on th[e] record, the reading of the statute, considering what the record clearly sets forth, what the defendant clearly acknowledges and what the statute says, clearly says, . . . based on the clear legislative intent of this statute, this [c]ourt hereby denies the appeal and . . . the fines and costs below are re-imposed.

Defendant appeals, arguing that:

POINT I

> THE TRIAL COURT ERRED IN ITS ANALYSES OF LAW AND FACT. THE COURT MISINTERPRETED THE PLAIN MEANING OF THE LAW AND ERRED IN DETERMINING THAT THE STATE PROVED ITS CASE BEYOND A REASONABLE DOUBT;

3

MOREOVER, THE COURT ERRONEOUSLY PLACED THE BURDEN OF PROOF UPON THE DEFENDANT. SUCH ERRORS REQUIRE A REVERSAL OF THE DEFENDANT'S CONVICTION. (Raised Below)

POINT II

THE SUPERIOR COURT ERRED IN ITS ANALYSES OF LAW AND FACT. THE COURT MISINTERPRETED THE PLAIN MEANING OF THE LAW AND ERRED IN DETERMINING THAT THE STATE PROVED ITS CASE BEYOND A REASONABLE DOUBT. SUCH ERRORS REQUIRE A REVERSAL OF THE DEFENDANT'S CONVICTION. (Raised Below)

II.

Our review of a de novo decision in the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as here, two separate courts have examined the facts and reached the same conclusion. Under the two-court rule, we do not ordinarily alter concurrent findings of fact and credibility

A-1324-20

determinations made by two prior courts absent a very obvious and exceptional showing of error.  Locurto, 157 N.J. at 474 (citation omitted).

The trial court's legal rulings, however, are considered de novo. Robertson, 228 N.J. at 148.  A "trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  We also apply a de novo standard when determining the constitutionality of a statute.  State v. Dalal, 467 N.J. Super. 261, 280 (App. Div. 2021) (citing State v. Hemenway, 239 N.J. 111, 125 (2019)).  Statutes are presumed valid, and any act of the legislature will be upheld unless "it's repugnancy to the Constitution is clear beyond a reasonable doubt."  Dalal, 467 N.J. Super. at 280 (quoting State v. Muhammad, 145 N.J. 23, 41 (1996)).

Courts "look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen."  McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009)).  "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano,

177 N.J. 250, 282 (2003)). Thus, any analysis to determine legislative intent begins with the statute's plain language. Ibid.

III.

Defendant argues the Law Division erred because his actions were within the scope of activity permitted by N.J.S.A. 39:4-97.3, enacted in 2007, because he was "engaging in [an] activation process . . . within the plain meaning of the statute[.]"

N.J.S.A. 39:4-97.3 governs the use of hands-free and hand-held wireless communication devices while driving. The statute covers permissible and impermissible uses of such devices, as well as penalties for violations of its provisions. It reads in pertinent part:

> a. The use of a wireless telephone or electronic communication device by an operator of a moving motor vehicle on a public road or highway shall be unlawful except when the telephone is a hands-free wireless telephone or the electronic communication device is used hands-free, provided that its placement does not interfere with the operation of federally required safety equipment and the operator exercises a high degree of caution in the operation of the motor vehicle. . . .
>
> As used in this act: . . .
>
> "Hands-free wireless telephone" means a mobile telephone that has an internal feature or function, or that is equipped with an attachment or addition, whether or not permanently part of such mobile telephone, by which a user engages in a conversation

6

without the use of either hand; provided, however, this definition shall not preclude the use of either hand to activate, deactivate, or initiate a function of the telephone. . . .

"Use" of a wireless telephone or electronic communication device shall include, but not be limited to, talking or listening to another person on the telephone, text messaging, or sending an electronic message via the wireless telephone or electronic communication device. . . .

[N.J.S.A. 39:4-97.3(a)-(b)]

The record shows that the municipal court judge made findings and applied those findings to the plain language of the statute. The judge found that "punch[ing] in six numbers . . . as a password to get access to the phone and then . . . [finding] the Google Map[s] app to open it up . . . was precisely the kind of conduct that the statute [intended] to prevent." The municipal court judge interpreted the exception for activating, deactivating, or initiating a function of the phone as allowing the use of one hand to push a button, "but certainly not to do all of the functions that defendant testified [he did]" because it would "make[] no sense . . . whatsoever to say that the legislature intended that a driver could do all these functions and still pay attention to the road."

The Law Division reached the same conclusion in its de novo review, rejecting defendant's argument and finding his actions were "in excess of what

7

was contemplated by activation, deactivation or initiation of a function of the phone." On this record, we conclude that each court's interpretation of N.J.S.A. 39:4-97.3 was correct.

While we find that the plain language of the statute compels the result reached by both the municipal court and the Law Division, we also note that the legislative history supports our interpretation of N.J.S.A. 39:4-97.3. We briefly turn to the Senate Committee Statement which accompanies the statute. According to the legislative statement, the law was amended so that drivers could "be stopped and ticketed solely for illegally using a hand-held wireless telephone or electronic communication device." See N.J.S. Comm. State., S.B. 1099 (2007). The previous version "prohibit[ed] the use of hand-held wireless telephones while operating a motor vehicle, but . . . [could] only be enforced . . . [if] officers . . . stop[ped] a motorist for some other offense or violation" first. Ibid. "The amended bill also expand[ed] the current law" to cover all "electronic communication device[s] . . . and prohibit[] text messaging or sending electronic message[s]" while driving. Ibid. We find these amendments illustrate the Legislature's intent to deter motorists from placing others in danger by driving with one hand while repeatedly keying inputs into their devices with the other.

A-1324-20

We also find that the plain language and legislative history of the statute support the finding by each court that defendant's actions in handling his phone while driving went well beyond permissible cell phone "activation" or "initiation" envisioned by the legislature. Defendant admitted that his conduct in the car required him to divert his attention from steering his vehicle on a public road for enough time to enter his six-digit passcode, open the Google Maps app, and place the cursor in the search window. Such conduct is a violation of N.J.S.A. 39:4-97.3 and we find this result is consistent with the Legislature's express intent.

IV.

Defendant next argues that the Law Division's analysis of the statute rendered it unconstitutionally vague and overbroad. Specifically, defendant argues that because N.J.S.A. 39:4-97.3's definition of "use" contains the words "but not limited to" the statute is "so broad and vague that [it] . . . fail[s] to give the kind of notice that would enable ordinary people to understand what conduct is prohibited[.]" Additionally, defendant argues that the "language . . . allows[,] and perhaps even promotes[,] the arbitrary and discriminatory enforcement of the statute."

We are not persuaded. A statute may either be vague facially or vague as applied. State v. Heine, 424 N.J. Super. 48, 65 (App. Div. 2012) (citations

9

omitted). A statute is facially vague "if it is vague in all its applications, while a statute is vague as applied only if it is vague when applied to the circumstances of a specific case." Ibid. "A law is void as a matter of due process if it is so vague that persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.'" Ibid. (citing Town Tobacconist v. Kimmelman, 94 N.J. 85, 118 (1983)). Vague laws are prohibited because they fail to give adequate notice that certain conduct will put the actor at risk of liability. Ibid. (citation omitted). Vague laws may create unacceptable dangers of arbitrary and discriminatory enforcement because they fail to provide sufficiently precise standards. Ibid.

Here, the challenged statute is not vague either facially or as applied. A person of common intelligence would readily understand the conduct prohibited by N.J.S.A. 39:4-97.3. The fact that the definition of "use" contains the terms "but not limited to" does not require such persons to guess at its meaning. "Ultraspecificity" is not required for a statute to pass constitutional muster under the void for vagueness doctrine. See Jenkins v. N.J. Dep't of Corrs., 412 N.J. Super. 243, 256 (App. Div. 2010).

Stated differently, it is sufficient for the Legislature to comport with due process by identifying the categories of behavior which violate the law without classifying every specific type of prohibited conduct. Ibid. Text messaging or

sending electronic messages entails entering multiple inputs into a device which diverts a driver's focus away from the road. We conclude that this category of behavior, when read together with the "but not limited to" language, fairly puts motorists on notice that making multiple keystrokes on their cellphone to locate and use an app such as Google Maps while driving would constitute an offense.

V.

Defendant further contends the State failed to prove all elements of the offense beyond a reasonable doubt, and that, in any event, the municipal court improperly shifted the burden of proof to him. We find this argument meritless. Officer Strobel described the actions he observed. Defendant was touching buttons on his phone while driving and took his eyes off the road while doing so. Defendant did not dispute that testimony. Instead, he argued that conduct did not violate the statute.

The record does not reflect the municipal court judge shifted the burden of proof. Once defendant testified in his own defense, the judge was entitled to question him. See N.J.R.E. 614(b). Beyond these brief comments, we find the burden shifting argument without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

11

The Law Division judge succinctly addressed the issue of whether the State met its burden, stating:

> It is absolutely clear from th[e] record that [the municipal judge] heard the testimony at the trial, considered the testimony, heard oral arguments, considered the evidence advanced by both the State and the defendant and found that the State had met its burden beyond a reasonable doubt that this defendant violated the statute.

Our thorough review of the record leads us to the same destination: the State met its burden of proof. Mindful of our deference to "findings of facts and credibility determinations made by two [prior] courts" and discerning no error, we decline to disturb the Law Division's order. See Locurto, 157 N.J. at 474.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12